PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 1996 Ford F150 truck struck a hole on the surface of the low water bridge on Kale Road, also referred to as Route 71/4, in Mercer County. The Court is of the opinion to deny this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 8:45 a.m. on March 10, 2008. The low water bridge on Route 71/4 is a one-lane, paved road. Claimant lives approximately one quarter of a mile from the location of the bridge. As she was proceeding across the low water bridge at ten miles per hour, her truck went into a dip at the edge of the bridge. When the truck came out of the dip, claimant noticed that the tires were flat on the passenger side. Claimant stated that there had been water over the bridge until the night before this incident occurred. Even though the water had cleared, a portion of the road had washed out in the area of the low water bridge. She testified that the area of the dip was located where she drove from the road onto the bridge. Claimant was uncertain as to whether the road surface had caved in prior to her incident or if it fell in as she was driving across the bridge. As a result, claimant’s vehicle sustained damage to its passenger side tires and rims. Claimant has replaced the tires but has not replaced the rims. Although claimant did not provide a copy of the receipt for the purchase of the replacement tires, she testified that the cost was approximately $187.50. The estimate for replacing the rims amounts to $309.96. Thus, claimant’s damages total $497.46.
The position of the respondent is that it did not have actual or constructive notice of the bridge’s condition on Route 71/4. Michael McMillion, Transportation Crew Supervisor for respondent in Mercer County, testified that he is familiar with the area *156 where this incident occurred. Mr. McMillion stated that respondent received a call on March 9, 2008, that the road had washed out at this location. On March 10, 2008, respondent sent a crew to place rocks to stabilize this area. Around March 10,2008, Mr. McMillion stated that there had been flooding throughout Mercer County. He also testified that Route 71/4 is a third priority road in terms of its maintenance; however, this particular bridge had been paved approximately two to three months prior to the date of claimant’s incident.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent did not have actual or constructive notice of the hole which claimant’s vehicle struck on Route 71/4. Since there was flooding throughout Mercer County around the date of this incident, the Court finds that respondent maintained Route 71/4, a third priority road, in a timely manner. Although the Court is sympathetic to claimant’s plight, there is insufficient evidence of negligence on the part of respondent upon which to justify an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to deny this claim.
Claim disallowed.